# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-CR-0113-CVE |
| CARDELL ROBERT SIMMONS, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Now before the Court is the sealed motion (Dkt. # 18). Defendant requests a 30-day continuance of the jury trial currently set for September 21, 2009, and the government does not oppose defendant's motion. Defendant has executed a speedy trial waiver (Dkt. # 19).

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends-of-justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In <u>United States v. Toombs</u>, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends-of-justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." <u>Id.</u> at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. <u>Id.</u> at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. <u>Id.</u> at 1273.

The Court finds that an ends of justice continuance is not appropriate under the circumstances, because the justification offered does not meet the stringent requirements for an ends-of-justice continuance articulated in <u>Toombs</u> . The parties do not offer any explanation for failing to schedule a Rule 11 conference well in advance of trial, and the proffered explanation is inadequate to grant an ends-of-justice continuance. Even though defendant has executed a speedy trial waiver (Dkt. # 19) asking the Court to exclude any period of delay for an ends-of-justice continuance, <u>Toombs</u> shows that a speedy trial waiver does not provide sufficient justification to grant a continuance if the underlying basis for the continuance does not satisfy the requirements of the Speedy Trial Act. <u>Toombs</u>, 574 F.3d at 1273-74. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that an ends-of-justice continuance may subvert the public's interest in the prompt prosecution of criminal matters.

However, defendant's speedy trial clock does not expire until October 17, 2009, and the Court will grant defendant's motion to continue without reference to the Speedy Trial Act. Even though defendant's motion for a continuance does not satisfy the requirements of § 3161(h)(7), he has articulated a legitimate basis for a limited continuance of his trial date. Defendant is advised that this continuance is not granted pursuant to the Speedy Trial Act, and the time between September 21 and October 13, 2009 is not excludable under § 3161(h)(7). No further continuances shall be granted and, unless defendant changes his plea, his trial will begin on October 13, 2009 at 9:30 a.m.

**IT IS THEREFORE ORDERED** that the sealed motion (Dkt. # 18) is **granted**. The jury trial set for September 21, 2009 at 9:30 a.m. is **stricken**, and **jury trial is reset for October 13, 2009 at 9:30 a.m.**

**IT IS FURTHER ORDERED that the time between September 21, 2009 and October 13, 2009 is not excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 11th day of September, 2009.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT